IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 6:19-cr-60001

JAMES VIGIL                                                                 DEFENDANT

## ORDER

Before the Court is Defendant James Vigil's Amended Motion in Limine.[1] ECF No. 47. The government has responded. ECF No. 52. The Court finds the matter ripe for consideration.

### I. BACKGROUND

On October 16, 2018, parole officers conducted a home visit at Defendant's residence, assisted by law enforcement officers from the 18th Judicial Circuit Drug Task Force, and found within the residence a Taurus, model PT738, .380 caliber pistol. Defendant was not present at his residence when the search was conducted but was later arrested. On February 6, 2019, Defendant was charged with one count of being a felon in possession of a firearm. On August 16, 2019, a Superseding Indictment was filed, charging Defendant with two counts of being a felon and unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Superseding Indictment charged Defendant with possession of a Taurus, model PT738, .380 caliber pistol and a Mossberg, O.F. & Sons, Inc., model 835, 12 gauge shotgun.

At the time of his arrest, Defendant relayed to law enforcement that he had found a shotgun shell and placed it in his pocket, where it was located by law enforcement. An interview with law

---

[1] Because Defendant has filed an Amended Motion in Limine, the Court finds that the original First Motion in Limine (ECF No. 24) should be and hereby is **DENIED AS MOOT**.

enforcement on or about October 24, 2018, included a conversation regarding Defendant's possession of an SKS rifle during an unspecified period of time and other various persons' possession of various firearms.

On November 20, 2019, Defendant filed the instant motion, asking the Court to preclude the government from introducing certain evidence and/or testimony. The government opposes the motion.

## II. DISCUSSION

Relevant evidence is generally admissible while irrelevant evidence is not admissible. Fed. R. Evid. 402. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

**A. Shotgun Shell**

Law enforcement located a shotgun shell in Defendant's pocket at the time of his arrest. Defendant moves the Court to "order the government to avoid the introduction of any evidence regarding [his] alleged possession of a shotgun shell." ECF No. 47, p. 2. Defendant argues that the evidence regarding this shotgun shell is not relevant to the offenses charged in the Superseding Indictment, which are two counts of being a felon in possession of a firearm. According to Defendant, there is no "evidence as to whether the shell was an empty casing or was of a gauge compatible with the Mossberg shotgun identified in the Superseding Indictment." ECF No. 47, p. 3.

2

The government argues that "Defendant's possession of a ammunition goes to the establishment of the truth of his possession of a weapon," and that "knowingly possess[ing] ammunition tends to make it more probable that Defendant also knowingly possessed an instrument to use ammunition." ECF No. 52, pp. 3-4. The government asserts that the evidence of Defendant's possession of any ammunition, regardless of whether it was compatible with the two firearms named in the Superseding Indictment, has a tendency to make the fact that Defendant knowingly possessed a firearm more probable that it would be without that evidence.

Upon consideration, the Court finds that evidence of Defendant's possession of a shotgun shell is somewhat relevant to the issue of whether Defendant possessed a firearm. However, the Court finds that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. The shotgun shell at issue is not in evidence, and it is unknown whether it was of a gauge compatible with the Mossberg 12 gauge shotgun identified in the Superseding Indictment. The pistol charged in the superseding indictment is not capable of firing the shotgun shell. It is unknown whether the shotgun shell was a live round or a spent hull. Because the shotgun shell cannot be tied to either gun charged in the Superseding Indictment and because Defendant has not been charged with being a felon in possession of ammunition, the diminished probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the government should avoid the introduction of any evidence regarding Defendant's possession of a shotgun shell.

**B. Defendant's Possession of Firearms Not Identified in the Superseding Indictment**

According to the government, in an interview with law enforcement officers, Defendant admitted to possessing an SKS rifle and other firearms. Defendant argues that the Court should

prevent the government from introducing "any evidence regarding [Defendant's] alleged possession of an SKS rifle, and alleged knowledge of other various persons' possession of various firearms not charged in the Superseding Indictment." ECF No. 47, p. 2. Defendant argues that this evidence is not probative of any element of the charged offenses. The government argues that this evidence is relevant evidence to show motive, opportunity, or knowledge.

The alleged SKS rifle possession involves a gun that is not the same type of gun involved in either of the charged gun possessions. The issue to be determined at trial is whether Defendant was in possession of a Taurus, model PT738, .380 and/or a Mossberg 12 gauge shotgun during the specific time periods identified in the Superseding Indictment. The probative value of Defendant's possession of an SKS rifle during an unspecified period of time is minimal at best as it relates to Defendant's guilt for the charged gun possessions. The highly prejudicial nature of the SKS rifle possession far outweighs its minimal probative value. The jury should not be invited to assume that, because Defendant possessed an SKS rifle at some time, he possessed the guns identified in the Superseding Indictment. Accordingly, evidence of Defendant's possession of an SKS rifle or other firearms not identified in the Superseding Indictment are not admissible.

C. **Defendant's Parole Status**

Defendant moves the Court to "enter an order preventing the introduction of any evidence of his status as a parolee at the time of his arrest for the instant offense." ECF NO. 47, p. 6.

Under Rule 404(b), evidence of other crimes or bad acts is generally not admissible. Fed. R. Evid. 404(b)(1). However, Rule 404(b) is not implicated when evidence is admitted as *res gestae*. *United States v. Riebold*, 135 F.3d 1226, 1229 (8th Cir. 1998) (en banc). "Under the theory of *res gestae*, evidence of [a] prior crim[e] can be admitted when the prior crime is 'so blended or connected, with the one on trial as that proof of one incidentally involves the other; or

4

explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" *Id.* In felon-in-possession cases, the scope of the *res gestae* includes "the events immediately preceding the defendant's arrest as well as circumstances of the arrest itself." *United States v. LaDue*, 561 F.3d 855, 858 (8th Cir. 2009). This, however, does not mean that a defendant must be arrested directly after committing the charged offense for *res gestae* evidence to be admissible. *See United States v. Tate*, 821 F.2d 1328, 1329-32 (8th Cir. 1987) (affirming admission of *res gestae* evidence where the defendant evaded capture after committing the charged offense and was arrested a week later).

Defendant argues that evidence of his parole status at the time of his arrest is not relevant to the instant offense and not necessary to "complete the story" or provide context to the instant offense. Defendant further argues that evidence of his parole status is not indicative of his knowledge or intent in allegedly committing the instant offense.

The government responds that it should be able to introduce testimony or evidence demonstrating that Defendant was on parole at the time of the charged offense and at the time of his arrest to "explain how officers found the weapon at issue" and to show that Defendant "was aware of his status as a felon when he possessed the firearm." ECF NO. 52, p. 7.

A parole officer informed law enforcement officers with the 18th Judicial Circuit Drug Task Force that drugs and drug paraphernalia were observed in Defendant's home in plain view during a routine visit. Based on this information, law enforcement officers searched Defendant's home and found a Taurus, model PT738, .380 caliber pistol. Defendant's parole status was the impetus behind the parole officers' visit to his home and explains why the officers were conducting a search of Defendant's home. Thus, evidence of the fact that Defendant was on parole when he committed the instant offense is admissible *res gestae* evidence because it provides the jury with

proper context for the felon-in-possession charge.[2] The government, however, should avoid introducing or soliciting evidence regarding the name and nature of Defendant's prior offense that resulted in him being placed on parole.

Defendant also argues that, to the extent such evidence could be relevant or admissible *res gestae* evidence, it should nonetheless be excluded because the danger of unfair prejudice and potential for confusion of the issues substantially outweigh any probative value. Defendant argues that, if evidence of his parole status is introduced, a high risk exists that a jury might convict him based on his prior criminal activity rather than on the evidence presented at trial.

It appears that Defendant will stipulate as to his felony status. If not, the government must prove that Defendant was a felon. Thus, the fact that Defendant was on parole is incidental information tied to the fact that Defendant is a felon. There is no more than a minimal risk that the jury would be unfairly swayed by the additional revelation that he was on parole. Such a minimal risk does not substantially outweigh the probative value of the anticipated testimony of Defendant's parole officer and/or law enforcement officers regarding the reason they were conducting a search of Defendant's home. Accordingly, the Court finds that there is no basis to exclude testimony regarding Defendant's parole status under Federal Rule of Evidence 403.

### D. Rule 404(b) Evidence

Defendant moves the Court to exclude all evidence of other crimes or bad acts under Federal Rule of Evidence 404(b) but does not specify what evidence he anticipates the government will introduce that would be included in this category of evidence. The government responds that

---

[2] The government argues that evidence of Defendant's parole status is also relevant to show that he knew he violated certain material elements of 18 U.S.C. § 922(g). This argument is well-taken. However, Defendant's proposed jury instructions lead the Court to believe that the parties intend to stipulate to the fact that Defendant has a prior felony conviction and that, because of his status as a felon, he knew that he could not legally possess a firearm. Thus, the Court will not address in this Order the government's argument regarding this issue. If the parties do not make the anticipated stipulation, the Court will take up this issue at trial.

"Defendant's prior convictions should be admissible because they are relevant to Defendant's credibility as knowledge of his parolee status is an element of the charged offense." ECF No. 52, p. 8. The government further argues that Defendant's credibility will be at issue if he decides to testify and the government should be able to impeach Defendant with his prior convictions under Federal Rule of Civil Procedure 609. Rule 609 allows a witness to be impeached by evidence of a criminal conviction. Fed. R. Evid. 609.

It is unclear to the Court what Defendant is asking the Court to exclude under Rule 404(b), which generally excludes evidence of other crimes or bad acts. Fed. R. Evid. 404(b). Also, it is unclear which prior conviction or convictions the government intends to use to impeach Defendant should he decide to testify. Thus, the Court cannot determine at this time what evidence should be excluded pursuant to Defendant's general Rule 404(b) request. The government is instructed to approach the bench before offering any evidence of Defendant's criminal history.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 47) should be and hereby is **GRANTED IN PART and DENIED IN PART**. The government may not introduce evidence regarding Defendant's possession of a shotgun shell and Defendant's possession of an SKS rifle or other firearms not identified in the Superseding Indictment.

**IT IS SO ORDERED**, this 26th day of November, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge